D. SATTERLEE, Assignee, Appellee, v. R. C. KIRBY et al., Appellants.

Assignment for Benefit of Creditors: PAYMENT OF CLAIMS BEFORE DUE: RIGHTS OF ASSIGNEE. Where an assignee for the benefit of creditors, for the purpose of obtaining possession of certain collateral securities held by a creditor, paid to such creditor the full amount of his claim more than a year before it became due, under an agreement that there should be no rebate of interest on account of such advance payment, *held*, that the assignee could not afterwards recover of said creditor the unearned interest on said claim, which had been paid by his assignor before the assignment.

*Appeal from Harrison District Court.*—HON. G. W. WAKEFIELD, Judge.

SATURDAY, OCTOBER 22, 1892.

ACTION to recover the sum of four hundred and fifty dollars and interest, which the plaintiff claims to be due him as assignee. There was a trial to the court without a jury, and a judgment for the plaintiff. The defendants appeal.—*Reversed.*

*Ambrose & Duffie*, for appellants.

*Charles McKenzie*, for appellee.

ROTHROCK, J.—I. It appears from the evidence in the case that on the second day of September, 1888, the Exchange Bank of Dunlap borrowed twenty thousand dollars from the defendant R. C. Kirby, through her agent, G. C. Kirby. The loan was for one year, and was evidenced by a certificate of deposit. The bank paid two thousand dollars interest for the loan. The interest was paid at the time the loan was made, so that the twenty thousand dollars drew no interest during the year. The loan was secured by some thirty thousand dollars in notes, which were held by R. C. Kirby as collateral security. On the seventh day of January, 1889, before the loan became due, another arrangement was made between the parties, by which sixteen thousand dollars of the debt was paid, and the said certificate of deposit was taken up and a new certificate issued for the remaining four thousand dollars, and collateral security in the shape of promissory notes amounting to six thousand dollars was furnished by the bank on this new arrangement. The certificate for four thousand dollars was made payable on the first day of May, 1890, without interest, the interest having been provided for at the time the arrangement was made by which sixteen thousand dollars of the debt was paid. The Exchange Bank of Dunlap made an assignment for the benefit of its creditors on the fourteenth day of January, 1889. D. Satterlee, the plaintiff herein, was named as assignee, and was charged with the duty of collecting the assets and paying the debts of the bank. On the fourteenth day of March, 1889, he paid to the defendants the full sum of four thousand dollars, and took up the certificate of deposit, and the defendants surren-

dered to him the six thousand dollars of collaterals which they held as security for the payment of the loan.    The plaintiff claims that he is entitled to recover of the defendants the interest which was paid in advance upon the loan.

There is no real conflict in the evidence, and we think the rights of the parties depend upon the facts attending the payment of the money and the surrender of the collaterals.    The plaintiff was examined as a witness in his own behalf, and his testimony as to the payment of the certificate of deposit was as follows: "Mr. or Mrs. Kirby never filed this four thousand dollar certificate as a claim against the bank; never demanded any payment from me.    I went to them voluntarily to see about taking up that certificate of deposit and getting possession of the money and collateral that was put up with Mr. Kirby to secure this payment.    Mr. Kirby said he would refuse to rebate any interest for the present payment of the claim; that he was willing to perform his contract, and allow that certificate to stand until it was due. But I wanted to get hold of the collateral and money which he held, which had been collected on the collateral which had been put into his hands by the bank as collateral, and pay him the full amount.    I thought I understood the facts at the time."    The defendant G. C. Kirby was examined as a witness, and he testified on the subject as follows: "On March 14, 1889,—I think that is the date,—Dwight Satterlee came to me, and said: 'Will you accept the balance of the money? Will you accept the payment of this four thousand dollars and make a rebate of the interest?'    I said, 'No, sir.'    He then asked if I would turn over the collateral security, if he paid the four thousand dollars. I said, 'Yes, sir;' but I would not make a rebate of interest, but I would collect the notes and put the money in the bank, and wait until the time of maturity.

He said, 'If I pay the claim in full, would you accept the money?' I said all I wanted was my pay, 'and if it will be any accommodation to you, and you want to pay it, I will accept it as a matter of convenience.' He brought me a check, and I turned the certificate over to him, and took a receipt for the papers and the collateral which I held on that note."

In our opinion, if this transaction had taken place between the bank and the defendants, there would be no question that it was a valid transaction, and there could be no recovery for any rebate. The evidence shows beyond controversy that both parties understood fully all the facts connected with the transaction; and in fact agreed that there should be no rebate, but that the whole four thousand dollars should be paid then and there, on consideration that the plaintiff might acquire possession of the money which had been collected on the collaterals and of the notes not yet collected. It is to be remembered that the collaterals amounted to six thousand dollars. That parties have the power to bind themselves by such a contract there can be no question.

II. Counsel for the appellee contends that the payment of the certificate of deposit and the surrender of the collaterals was the rescission of a contract, and that, under the law, the parties should be placed in the same situation they were before the contract was made. But the ready answer to this proposition is, that they did not intend to place themselves *in statu quo*. They intended and agreed that there should be no rebate of interest.

III. The only real question in the case is, whether the plaintiff, being the assignee of an insolvent, may pay a debt before it is due, under an agreement that there is to be no rebate, and then, on his own motion, maintain an action to recover the unearned interest. It is claimed that authority may be found to sustain the

claim in section 2126 of the Code. That section is as follows: "Any creditor may claim debts to become due as well as debts due, but on debts not due a reasonable abatement shall be made when the same are not drawing interest; and all creditors who shall not exhibit their claims within the term of three months from the publication of notice, as aforesaid, shall not participate in the dividends until after the payment in full of all claims presented within said term, and allowed by the court." This provision of the law would govern the rights of the parties, if the defendants had made any claim for their debt which was yet to become due, and the payment had been made in response to such claim. But, as we have seen, the defendant made no such claim, and did not desire to do so. The fact that the bank went into insolvency did not deprive the defendants from insisting upon a compliance with their contract, which was that they should hold the collaterals and the certificate of deposit until the debt became due. The defendants were not required to file their claim within three months, in order to participate in dividends. They had a right to stand on the terms of their contract, and make their claim from the collaterals.

The judgment of the district court is REVERSED.